Argued July 13, affirmed October 10, 1922.

# PARKS *v.* KEENEY.

(209 Pac. 497.)

**Parent and Child—Father, Suing as Trustee of Son's Property, Could not Recover Son's Money, Advanced to Defendant Without Proof of an Express Trust or Contract, Made in Father's Name for Benefit of Son.**

1. A father, suing as trustee of property belonging to a minor son, could not recover son's money, advanced to the defendant without proof that he was a trustee by an express trust of the money advanced, or that the contract, pursuant to which the money was advanced, was made by the father, for the benefit of the son under Section 29, Or. L.

**Trial—In Absence of Proof of Representative Character of Plaintiff Suing as a Trustee, Court Should Direct a Verdict for Defendant.**

2. In action by a trustee in which there was no proof of his representative character, it was proper for the court to direct a verdict for the defendant as against contention that the court was authorized to merely direct a nonsuit.

From Lane: G. F. SKIPWORTH, Judge.

Department 1.

For appellant there was a brief over the names of *Mr. Walter C. Winslow* and *Mr. John S. Medley,* with an oral argument by *Mr. Winslow.*

For respondent there was a brief and oral arguments by *Mr. Lark Bilyeu* and *Mr. A. C. Woodcock.*

BURNETT, C. J.—The complaint in this action is as follows:

"That at all times mentioned plaintiff was and now is trustee of certain property belonging to one Ernest Parks.

"That on and prior to the 8th day of February, 1919, plaintiff herein, as such trustee for said beneficiary, advanced different sums of money to defendant herein, and on the said 8th day of February, 1919,

plaintiff, as such trustee for said beneficiary, and defendant herein had an accounting of all moneys advanced and expended and all other matters between said parties, at which said accounting it was ascertained and agreed that there was due and owing to plaintiff herein as such trustee the sum of $615.36, which amount defendant herein agreed and promised to pay.

"That although demand has been made upon defendant for the payment of said sum of $615.36, said defendant has failed, neglected and refused to pay the same or any part thereof."

The answer denies the complaint except that the defendant says that she had some dealings with Parks during the times alleged in the complaint, in which he advanced some money to her, and that an accounting was had "and the defendant paid plaintiff all that was found to be due and all that was due, and that the defendant does not now owe the said W. F. Parks individually, nor as trustee, or otherwise, the amount claimed in the complaint or any part thereof, or any sum of money, or anything."

On the issues thus formed the plaintiff and defendant both offered evidence, and at the conclusion of the whole case on motion of the defendant the court directed the jury to return a verdict in favor of the defendant. From the ensuing judgment the plaintiff appealed.

1. The attack of the defendant is directed mainly against the alleged representative character of the plaintiff. Section 29, Or. L., reads thus:

"An executor or administrator, or trustee of an express trust, or a person expressly authorized by statute, may sue without joining with him the person for whose benefit the action is prosecuted. A person with whom, or in whose name a contract is made for the benefit of another, is a trustee of an express trust within the meaning of this section."

There is no evidence in the record that the plaintiff was a trustee for anybody. When he appeared as a witness on his own behalf he was asked by his counsel:

"Now, you may state whose money it was that was advanced that is involved here.

"A. It belonged to my youngest boy.

"Q. What is his name?

"A. Ernest Parks."

Later in the testimony the plaintiff narrated in substance that his son collected some bad accounts, placed the money in the bank in his own name, and although a minor, drew his checks against the account. It is not pretended in the testimony that a contract was made in the name of the plaintiff for the benefit of his son, and there is no evidence about any express trust. In other words, the plaintiff failed to adduce any testimony to support the allegation of his complaint to the effect that he was a trustee of the property involved. He proceeded on the unsound assumption that when a minor is the owner of property his father *ipso facto* becomes the trustee of an express trust in respect to such property.

2. The plaintiff contends that the most the trial court was authorized to do was to direct a nonsuit, and he relies upon *Ridley* v. *Portland Taxicab Co.*, 90 Or. 529 (177 Pac. 429). Treating of the distinction between the effect of a motion for nonsuit and one for a directed verdict, the court, speaking by Mr. Justice Harris, there said:

"A motion for a directed verdict as well as a motion for an involuntary judgment of nonsuit challenges the legal sufficiency of the evidence. Each of these motions performs the same function in connection with the evidence as does a demurrer in connection with a pleading; but neither of these motions

is designed to perform the function of a demurrer to a pleading. Even though a complaint omits some material allegation, a motion for a directed verdict, based upon the fact of such omission, should be denied, especially where the objection can be cured by an amendment and the plaintiff's evidence, if true, makes a case against the defendant [citing authorities]. Of course a different question would be presented and a different result might follow, if the evidence conclusively showed that the plaintiff was without a cause of action. * * If, therefore, the record brought to us contains evidence which, when accompanied by a good pleading and if believed by a jury, would be legally sufficient to support a verdict for the plaintiff, then it was error to allow the motion for a directed verdict on account of any failure of the complaint to allege that the defendant knew or ought to have known that it furnished a defective wrench.''

In the respect mentioned, the complaint here is not challenged as to its sufficiency as a pleading. The situation is, that the plaintiff failed to prove any express trust or a contract made in his name for the benefit of his son. In all of the testimony, his son is not said to have been mentioned in the presence or hearing or knowledge of the defendant. The only allusion to the plaintiff's son is as stated. The plaintiff has undertaken to recover his son's money. He has shown no right or authority to do so and judgment was properly rendered against him on the state of the record disclosed by the bill of exceptions. This is a pure case of failure of proof. If in fact the money belonged to his son, the judgment rendered would not conclude him. As to him the affair would be *res inter alios acta.* The case of *Owings* v. *Turner,* 48 Or. 462 (87 Pac. 160) is not here applicable. In that instance, Owings appeared by his next friend, J. H. Wilson. The suit was conducted in the name of Owings, albeit by the friend, and there the court held

that the objection appeared on the face of the complaint and since it was a defect of parties it should have been raised by a demurrer; failing which, the objection was waived. Here, however, the son to whom the money is said to have belonged did not appear. He is an utter stranger to this action. The fault is not apparent on the face of the complaint. The case is analogous with *Everart* v. *Fischer,* 75 Or. 316 (145 Pac. 33, 147 Pac. 189), where a mother, although said to be guardian *ad litem* for her minor son, undertook to recover in her own name a judgment for damages inflicted upon the son. It was there held that:

"It is not a question of a plea of abatement. The issue is whether the conventional character who complains has any cause of action at all. The statute has said that 'every action shall be prosecuted in the name of the real party in interest.' The plaintiff has no legal grievance against the defendants, either in her maternal capacity or in her character as guardian. The cause of action, if any exists, is one in favor of the minor himself, and must be prosecuted in his name. The situation is analogous to one in which Brown would seek to enforce a cause of action existing in favor of Smith. The general issue would raise the question, and, upon the facts appearing as illustrated, judgment for the defendant would necessarily follow. A judgment for or against Mary Everart either as guardian or as mother of Clifford Everart would not bar any subsequent action in his name for the same injury."

Although the complaint at its worst might be said to contain a cause of action defectively stated, yet the evidence accompanying the record discloses that the son managed his own money, constituting a possible emancipation by the father, and that no situation was presented giving the latter either individually or as

trustee of an express trust any right to collect or control the funds of his son.

The judgment is affirmed. 'AFFIRMED.

McBRIDE, HARRIS and RAND, JJ., concur.